IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER MOLLNER,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:12-CV-368 TS<br><br>Criminal Case No. 2:08-CR-156 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny Petitioner's § 2255 Motion.

I. BACKGROUND

On March 19, 2008, Petitioner was charged with armed bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2. Petitioner pleaded guilty on February 18, 2009, to a violation of § 2113. On July 8, 2009, Petitioner was sentenced to 100 months imprisonment.

Petitioner filed a direct appeal and, on May 26, 2011, the Tenth Circuit issued its mandate affirming Petitioner's conviction and sentence. Petitioner timely filed the instant Motion on April 16, 2012.

## II. DISCUSSION

Petitioner makes two arguments in his Motion: (1) that the recent Supreme Court ruling of *Bond v. United States* invalidates the statue of conviction under the Tenth Amendment; and (2) he received ineffective assistance of counsel. The Court will address each argument

A.    TENTH AMENDMENT

Petitioner relies on the recent Supreme Court decision of *Bond v. United States*,[1] to support his argument that the statute he violated—18 U.S.C. § 2113—violates the Tenth Amendment. In *Bond*, the Supreme Court held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States."[2]

Despite Petitioner's arguments to the contrary, *Bond* does not invalidate the statute under which he was convicted. Rather, *Bond* only provides that an individual has standing to challenge a law on the grounds that Congress exceeded its powers under the Constitution. The Supreme Court did not rule that such challenges would necessarily succeed. Indeed, the Supreme Court in

---

[1] 131 S.Ct. 2355 (2011).

[2] *Id.* at 2360.

*Bond* remanded the matter so that the lower court could consider the validity of the statute in the first instance.[3]

In this case, Petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113. Every court to consider the issue has held that the bank robbery statute does not violate the Tenth Amendment.[4] Based on this precedent, the Court finds that Petitioner's claim fails and that *Bond* does not provide him any relief.

B.     INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner next argues that he received ineffective assistance of counsel. Specifically, Petitioner alleges that his counsel did not watch the video of the stop conducted in this case, which ultimately led to Petitioner's arrest, or the surveillance video shown at his co-defendant's trial.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[5] A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[6] In addition, in evaluating counsel's

---

[3]*Id*.

[4]*See United States v. Smith*, 987 F.2d 888, 893 (2d Cir. 1993) (collecting cases).

[5]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[6]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

3

performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[7] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[8]

Petitioner's ineffective assistance claim is made up solely of conclusory allegations. Such allegations are insufficient to establish a claim for ineffective assistance of counsel.[9] Even assuming that Petitioner has shown deficient performance, he cannot show prejudice. Petitioner has not shown how a review of the videos at issue would have changed the outcome of either his plea or sentence. Further, the Court has reviewed the stop that resulted in Petitioner's arrest and found no constitutional violations.[10] Therefore, the Court must reject this argument.

### III. CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-368 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

---

[7] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[8] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[9] *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (conclusory allegations are insufficient to establish ineffective assistance of counsel).

[10] *See* Criminal Case No. 2:08-CR-156 TS, Docket No. 133.

The Clerk of Court is directed to close Case No. 2:12-CV-368 TS forthwith.

DATED   October 9, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge